PIRSSON *et al. v.* ARKENBURGH.

(*Superior Court of New York City, General Term.* February 6, 1890.)

CONTRACTS—INTERPRETATION—FORFEITURE.

> A contract of sale of realty provided that the premises were to be conveyed subject to a certain assessment, and recited a deposit of $1,700 with a mortgagee of the property under the agreement that it should be applied to the payment of the assessment, in case the same should not be set aside. It also provided that the assessment should be paid or canceled by March 22, 1884. The deed recited that it was subject to the assessment, and that the $1,700 had been deposited under an agreement that the vendor should be entitled to any surplus after payment or vacation of the assessment. The purchaser objected that the deed did not contain the provision of the agreement that the assessment should be canceled or paid by March 22, 1884; and a further agreement was made, which authorized the mortgagee to pay over the $1,700 to the purchaser on or after March 22, 1884, unless the assessment should have been paid or canceled. *Held* that, construed together, the deed and the different agreements established a contract of indemnity, and not a contract for the absolute forfeiture of the whole deposit in excess of what might be necessary to pay the assessment, in case the vendor failed to pay or procure the vacation of the assessment by March 22, 1884.

Appeal from trial term.

Action by Sarah J. Pirsson and Margaret O'F. Bronson against Oliver M. Arkenburgh. On the 29th of January, 1883, Willett Bronson obtained from the New York Life Insurance Company a loan, on bond and mortgage, upon certain lots of land of which he was the owner, and deposited with the company $1,700, to be held as security for the ultimate removal of the lien of an assessment imposed on the lots, the validity of which was then being contested by Bronson, and which sum the company promised and agreed to return to him, with interest at 6 per cent., upon the payment or other removal of the assessment; the company to be at liberty, at the expiration of two years, to apply the deposit and interest to the payment of the assessment, if it should then be a lien on the premises. On or about the 22d of March, 1883, Bronson made a contract with defendant to sell him the said premises, which contract contained the following: "And it is understood that said premises are to be conveyed subject to a certain assessment for regulating and grading Seventy-Sixth street, now in dispute; to secure the payment of which, the sum of seventeen hundred dollars is now deposited with the New York Life Insurance Company, as mortgagees of said premises, under an agreement that the same is to be applied to the payment thereof in case the same is not set aside, vacated, or canceled of record; and it being further understood and agreed that if the amount so deposited is not sufficient to pay said assessment in full, with interest, the party of the first part will deposit either with said New York Life Insurance Company or ——— Trust Company such an additional amount as may be necessary for that purpose at the time of the delivery of the deed, and that the party of the first part shall be entitled to any surplus there may be after payment, cancellation, or vacation of said assessment, and the same to be paid or canceled within one year from this date." On the 19th of April, 1883, the premises in question were conveyed by Bronson and wife to the defendant by deed, which contained the following provision: "And subject, also, to an assessment for regulating and grading Seventy-Sixth street, now in dispute; to secure the payment of which, the sum of seventeen hundred dollars is now deposited with said New York Life Insurance Company, as mortgagees of said premises, under an agreement that the same is to be ap-

plied to the payment thereof, in case the same is not set aside, vacated, or canceled of record; and said Willett Bronson shall be entitled to any surplus there may be after the payment, cancellation, or vacation of said agreement." At the time of the delivery of the deed, defendant objected that the clause in the deed relative to the assessment did not fully state the agreement on that point of the contract, to-wit, that the same should be paid or canceled within one year from the date of the contract, and that there would not be money enough on deposit to pay the assessment, with interest, on the 22d of March, 1884, and said he wished something additional to carry out the original contract, whereupon the agreement following was made and delivered: "N. Y., Apl. 19th, 1883. Whereas, Willett Bronson has by deed bearing date April 17th, 1883, this day delivered, conveyed to O. M. Arkenburgh, Esq., four lots on the s. s. of 76th street, west of 9th avenue, subject to an assessment, the payment of which has been secured by the deposit of the sum of $1,700 with the N. Y. Life Ins. Co.; and whereas, by the contract of sale of said premises, the said Willett Bronson is entitled to one year from March 22, 1882, within which to vacate or pay said assessment, as will fully appear by a certain agreement between the said Willett Bronson and the said N. Y. Life Ins. Co., dated on or about Jan. 29, 1883, to which deed, contract of sale, and agreement reference is hereby made: Now I, Willett Bronson, hereby authorize and direct said N. Y. Life Ins. Co. to pay the said sum of 1,700 dollars, with all accrued interest thereon, to the said O. M. Arkenburgh, or his heirs or assigns, on or after March 22, 1883, unless the said assessment shall have been sooner paid or vacated, and upon condition that the said O. M. Arkenburgh shall have paid said assessment on or after said 22d day of March, 1884. WILLETT BRONSON." The amount assessed upon the lots was $263.33 each; in all, $1,052.22. It was reduced upon the application of Bronson, by an order of July 16, 1884, to $197.50 on each lot, or, in the aggregate, $790. Subsequent to said reduction, and on the 13th October, 1884, defendant paid the reduced assessment, which, with interest from date of reduction and charges, amounted to $806.86. On the 14th October, 1884, defendant received from the New York Life Insurance Company the sum of $1,874.25, being the amount of Bronson's deposit, with interest to that date. The right, title, interest, and claim of Bronson in and to and under said agreement of April 19, 1883, and to the moneys received by defendant from the insurance company, was transferred by several assignments to plaintiffs, Sarah J. Pirsson and Margaret O'F. Bronson. The court directed a verdict for the defendant, to which the plaintiffs duly excepted; and from the judgment thereupon entered, and from an order denying a motion for a new trial, the plaintiffs appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*John Alex. Beale,* for appellants. *Robert F. Little,* for respondent.

FREEDMAN, J. Upon the whole case, the contract under which $1,700 remained on deposit as security for the payment of the assessment, subject to which Willett Bronson conveyed the lots to the defendant, must be gathered from four different papers executed by Bronson. These papers are: (1) The contract of sale; (2) the deed to defendant; (3) the agreement between Bronson and the New York Life Insurance Company for the deposit as security; and (4) the agreement between Bronson and the defendant. They are so intimately conected that they must be construed together, in order to ascertain what the real contract was. When thus construed, they clearly establish a contract of indemnity, and not a contract for the absolute forfeiture of the whole deposit in excess of what might be necessary to pay the assessment, in case Bronson failed to pay or to procure the vacation of the assessment within one year. A forfeiture is not favored in the law, and it is therefore a rule, in the construction of a contract under which forfeiture is claimed, that, if it

can be fairly done, the conclusion shall be avoided that a forfeiture was intended.   In the case at bar, the conclusion can be readily avoided, for the surrounding circumstances fairly show that all that was intended in fact was ample indemnity.   The plaintiffs, to whom all the right, title, and interest of Bronson in and to the moneys so deposited were transferred by several assignments, are therefore in a position to maintain the action for the recovery of the balance remaining unexpended after the payment and extinguishment of the assessment by the defendant, and it was error on the part of the trial judge to direct a verdict for the defendant.   The judgment and order should be reversed, and a new trial ordered, with costs to abide the event.

INGRAHAM, J.   I agree with Judge FREEDMAN as to the construction of the contracts.   The money deposited with the trust company was Bronson's, deposited before the contract with the defendant was made, as a fund from which the assessment was to be paid.   It is nowhere transferred to defendant, nor is there anything that would show that the parties intended the defendant should be entitled in any contingency to the money.   It was provided that, if the assessment was not paid by Bronson in one year, the money should be paid to defendant by the trust company; but it was paid to defendant, as the plaintiff's money, for the special purpose of repaying defendant the amount that he had been compelled to pay to discharge the assessment, under the covenant contained in the deed.   The balance that remained after paying that assessment was still Bronson's money, and Bronson was entitled to maintain an action for money had and received, to recover such balance.   I think plaintiff was therefore entitled to recover, and that the judgment should be reversed.