## PIRSSON et al. v. ARKENBURGH.

(*Superior Court of New York City, General Term.*   January 5, 1891.)

EVIDENCE—PAROL TO VARY WRITING.

>When a contract is deliberately reduced to writing, and duly executed, all prior conversations and negotiations become merged in the written contract, and parol evidence is not admissible to add to or vary the same.

Appeal from jury term.

Action by Sarah J. Pirsson and Margaret O. F. Bronson against Oliver M. Arkenburgh.   A verdict was directed for plaintiffs, and from the judgment entered thereon defendant appeals.   For former report, see 8 N. Y. Supp. 543.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Robert F. Little,* for appellant.   *John Alex. Beall,* for respondents.

FREEDMAN, J.   The contract between the parties, by which provision was made for the payment or cancellation of the assessment, was deliberately reduced to writing, and duly executed.   All prior conversations and negotia-

tions then became merged in the written contract; and consequently the trial judge correctly held that parol evidence was inadmissible to add to or vary the terms of the written contract. The construction to be placed upon the contract, as evidenced by four written instruments, has been determined upon a former appeal. 8 N. Y. Supp. 543. It was there held that the contract between the parties was one of indemnity, and not of forfeiture. The direction of the verdict now complained of was in accordance with that decision. The judgment and order should be affirmed, with costs.